UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. SOTELO, | 1:10-CV-00756 GSA HC |
|         Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| | [Doc. #10] |
| v. | |
| | ORDER DISMISSING PETITION |
| EDMUND G. BROWN, JR. et al., | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
|         Respondents. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by plea of no contest to transporting methamphetamine (Cal. Health & Safety Code § 11379(a)). On January 31, 2008, Petitioner was sentenced to serve a determinate term of six years in state prison. He did not appeal the judgment.

---

[1] This information is derived from the documents lodged by Respondent with his response.

Petitioner filed three post-conviction collateral challenges with respect to the judgment in the state courts, as follows:

1) <u>Kings County Superior Court</u>
Filed: September 2, 2008[2];
Denied: October 27, 2008;

2) <u>California Court of Appeal, Fifth Appellate District</u>
Filed: December 23, 2008;
Denied: March 26, 2009;

3) <u>California Supreme Court</u>
Filed: April 15, 2009;
Denied: September 17, 2009.

On April 26, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On July 27, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on August 9, 2010. Respondent did not file a reply.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

---

[2] The state and federal petitions filed by Petitioner bear proofs of service with dates three to five days prior to the actual filing in the courts. Pursuant to the mailbox rule, the Court will deem the petitions filed on the dates set forth in the proofs of service. Houston v. Lack, 487 U.S. 266, 276 (1988).

1     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
2 one-year limitations period.  Accordingly, the Court will review Respondent's motion to dismiss
3 pursuant to its authority under Rule 4.

4 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
6 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
7 habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
8 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
9 586 (1997).

10    In this case, the petition was filed on April 26, 2010, and therefore, it is subject to the
11 provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking
12 to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,
13 subdivision (d) reads:

14     (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
15     limitation period shall run from the latest of –

16     (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
17
     (B) the date on which the impediment to filing an application created by
18     State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;
19
     (C) the date on which the constitutional right asserted was initially recognized by
20     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or
21
     (D) the date on which the factual predicate of the claim or claims presented
22     could have been discovered through the exercise of due diligence.

23     (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
24     not be counted toward any period of limitation under this subsection.

25 28 U.S.C. § 2244(d).

26    In most cases, the limitations period begins running on the date that the petitioner's direct
27 review became final.  In this case, Petitioner did not appeal.  Thus, direct review concluded on
28 March 31, 2008, when the sixty (60) day period for filing an appeal with the appellate court expired.

1  Cal. Rules of Court, rule 30.1.  The statute of limitations commenced on the following day, April 1,
2  2008, and expired one year later on March 31, 2009. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th
3  Cir.2001). Here, Petitioner delayed filing the instant petition until April 26, 2010, exceeding the due
4  date by over one year.  Absent any applicable tolling, the instant petition is barred by the statute of
5  limitations.
6  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)
7       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
8  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
9  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In
10 <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is
11 properly pursuing post-conviction relief, and the period is tolled during the intervals between one
12 state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
13 state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir.
14 1999), *cert. denied,* 120 S.Ct. 1846 (2000).  Nevertheless, state petitions will only toll the one-year
15 statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
16 petition was timely, or it was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>,
17 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). If the state court states the petition was
18 untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the
19 claim, or whether its timeliness ruling was "entangled" with the merits." <u>Carey</u>, 536 U.S. at 226;
20 <u>Pace</u>, 544 U.S. at 414.
21      As previously stated, the statute of limitations began to run on April 1, 2008.  Petitioner filed
22 his first state habeas petition on September 2, 2008.  At that point, 154 days of the limitations period
23 had expired.  Respondent concedes that the limitations period was tolled for the entire time the first
24 through third state petitions were pending, since Petitioner was timely progressing from one level of
25 the state courts to the next for a complete round of review.  <u>Carey</u>, 536 U.S. at 215.  The statute of
26 limitations resumed September 18, 2009, the day after the third and final state petition was denied.
27 With 211 days remaining (365 - 154 = 211), the limitations period expired on April 17, 2010.  Since
28 the instant petition was not filed until April 26, 2010, it is untimely and must be dismissed.

U.S. District Court
E. D. California        cd                                           4

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner claims his petition should be reviewed because he is actually innocent of the underlying offense. However, the Ninth Circuit has recently held that actual innocence is not an exception to the one-year statute of limitations. Lee v. Lampert, 610 F.3d 1125 (9th Cir.2010). Therefore, the petition remains untimely and must be dismissed.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  August 30, 2010                    /s/ Gary S. Austin
                                           UNITED STATES MAGISTRATE JUDGE